■ WANDA GARDNER, Appellant, v PARAGON MANUFACTURING (USA LTD) et al., Respondents. [791 NYS2d 580]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated January 4, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Zavala v DeSantis,* 1 AD3d 354 [2003]; *Black v Robinson,* 305 AD2d 438 [2003]; *Gamberg v Romeo,* 289 AD2d 525 [2001]). The defendants' examining physicians failed to " 'set forth the objective test or tests performed' supporting their claims that there was no limitation of range of motion," thus warranting denial of summary judgment on the ground that the defendants failed to establish their entitlement to judgment as a matter of law (*Black v Robinson, supra* at 439, quoting *Gamberg v Romeo, supra* at 525-526; *Zavala v DeSantis, supra; Junco v Ranzi,* 288 AD2d 440 [2001]). Thus, it was unnecessary for the court "to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *see Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.