■ ROBERT MENDOLIA, Appellant, v SANDRA HARRIS, Respondent. [791 NYS2d 654]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated February 9, 2004, as granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). Although the defendant's examining physician concluded that there was no neurological disability, he made no findings with respect to the lumbar spine, and merely stated that the neck was "supple" (*see Black v Robinson,* 305 AD2d 438 [2003]; *Zavala v DeSantis,* 1 AD3d 354 [2003]; *Gamberg v Romeo,* 289 AD2d 525 [2001]; *Junco v Ranzi,* 288 AD2d 440 [2001]). Since the defendant failed to make out a prima

facie case, we need not consider the alleged insufficiency of the plaintiff's papers (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the defendant's cross motion for summary judgment dismissing the complaint. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.