■ Laura Medina Sequeira, Appellant, v W&E Auto Repair, Inc., et al., Respondents. [793 NYS2d 129]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated March 29, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Where a defendant fails to meet its initial burden of establishing a prima facie case, it becomes unnecessary "to consider whether the plaintiff's papers in opposition to the defendant's motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]). In this case, the defendants' expert, a neurologist, examined the plaintiff and found that she had only a "moderately complete range of motion of the neck and lower back," an implicit admission that limitations in movement existed. Moreover, the defendants' examining physician failed to "set forth the objective tests [he] performed" supporting his statement (*Zavala v DeSantis*, 1 AD3d 354, 355 [2003]; *see Black v Robinson*, 305 AD2d 438, 439 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]). Thus, the defendants failed to establish their prima facie entitlement to summary judgment, and their motion should have been denied. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.