■ ELLIOT GAMBERG, Plaintiff, and EMMA GAMBERG, Appellant, v THERESA ROMEO, Respondent. [736 NYS2d 64] —In an action to recover damages for personal injuries, the plaintiff Emma Gamberg appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated January 29, 2001, as granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted on behalf of Emma Gamberg.

The defendant, in support of her motion for summary judgment, submitted affirmed physicians' reports stating that the appellant complained of numbness in the right hand, verified objectively by a "decreased pinprick in the medial side of the right hand." With respect to the appellant's right elbow, the defendant's orthopedist noted that the Magnetic Resonance Imaging (hereinafter MRI) of her right elbow showed a "chronic partial thickness tear of the triceps tendon." The defendant's orthopedist further noted that the appellant "[l]acks terminal 3-5° of full extension and flexion" in the right elbow. He did not indicate what objective test or tests he performed to measure the restriction of motion.

The appellant, in opposition, submitted the affirmation of a physician, diagnosing her condition as "permanent disability in the right elbow with restricted range of motion, a chronic lateral epicondylitis with extensor tenosis and olecranon bursitis, secondary carpal tunnel syndrome in the right hand and chronic partial tear of the triceps." In support of his diagnosis, the doctor noted that the appellant "lacks about 20 degrees of full extension of the right elbow." He stated that he based his diagnosis on a "clinical orthopedic examination, MRI report, and range of motion testing."

The Supreme Court granted the defendant's motion on the ground that the appellant's doctor failed to state the objective test or tests he performed in quantifying her loss of range of motion.

This Court held, in *Junco v Ranzi* (288 AD2d 440), that the failure of the defendants' doctor to set forth the objective test or tests performed during his examination of the plaintiff which

led him to conclude that the plaintiff suffered no limitation to the range of motion, warranted denial of summary judgment, on the ground that the defendants failed to establish their entitlement to judgment as a matter of law. Further, in *Papadonikolakis v First Fid. Leasing Group* (283 AD2d 470), this Court held that the defendants did not demonstrate their entitlement to judgment as a matter of law on the issue of serious injury, where the defendants' doctor submitted an MRI revealing an injury, and failed to demonstrate that this injury was not serious.

In this case, the defendant's doctors cited no objective test or tests to indicate that the loss of range of motion was mild or minor. Further, the objective evidence cited by the defendant's doctors, in the form of an MRI and pinprick test, confirmed the appellant's subjective complaints.

In view of the foregoing, the defendant failed to establish her entitlement to judgment as a matter of law. When the defendant fails to establish entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be considered (*see, Junco v Ranzi, supra*). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.