■ CHRISTINE BLACK, Appellant, v ANNE A. ROBINSON, Respondent. [759 NYS2d 741] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated March 14, 2002, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

At issue here is whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of a motor vehicle accident which occurred on October 22, 1995. In support of her motion for summary judgment on that issue, the defendant submitted three affirmed medical reports which noted that the plaintiff sustained injuries to her cervical spine and right shoulder.

One of the defendant's medical reports stated that magnetic resonance imaging (hereinafter MRI) tests taken "16 days post-trauma" revealed a "mottling of signal within the humeral head bone marrow" which "may indicate the presence of a bone contusion" and bulging discs in the cervical spine which were the result of degenerative disc disease. However, the other two medical reports from physicians who examined the plaintiff stated categorically that after reviewing her medical records and performing a complete examination, "it is apparent that the injuries sustained and accident reported are causally related." Accordingly, the issue of causation was not contested by the defendant's examining physicians.

The defendant's neurologist noted that the plaintiff complained of "diminished range of motion extending into the left shoulder" and "diminished tolerance for standing and walking" yet concluded that "[t]here is no clinical correlation between the patient's subjective symptoms and the objectively normal findings on exam." The defendant's orthopedist also concluded that there was "no objective evidence of orthopedic disability." However, the defendant's examining physicians do not assert that any objective tests were performed to support their clinical findings. Their failure to "set forth the objective test or tests performed" supporting their claims that there was no limitation of range of motion warrants denial of summary judgment on the ground that the defendant failed to establish her entitlement to judgment as a matter of law (*Gamberg v Romeo,* 289 AD2d 525, 525-526 [2001]). Since the defendant failed to establish her entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be considered (*see Gamberg v Romeo, supra; Junco v Ranzi,* 288 AD2d 440 [2001]).

We further note that, contrary to the determination of the Supreme Court, there was no unexplained gap in medical treatment. The defendant's neurologist noted that the plaintiff sought treatment "at her local HIP Center." The plaintiff testified at her examination before trial that she underwent therapy

for six months until her "insurance monies ran out" and she could no longer afford it and thereafter returned to her general practitioner provided by the HIP center. At the time of her deposition in May 2001 she continued to see her general practitioner on an emergency basis whenever she felt pain.

In view of the foregoing, the motion for summary judgment should have been denied (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002]). Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.