Nembhard v Delatorre (2004 NY Slip Op 50283(U))

[*1]

Nembhard v Delatorre

2004 NY Slip Op 50283(U)

Decided on April 14, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 14, 2004

Supreme Court, Kings County
 LORNA NEMBHARD, Plaintiff,
against
THOMASA DELATORRE, MICHELINE PROSPER and GUY PROSPER, Defendants.
INDEX NO. 14588/01

Plaintiff was represented by John Patrick Rudden, Esq., 345 E. 18th Street, NY, NY 10003. Defendant Delatorre was represented by Vlock & Assoc., PC, 230 Park Ave., NY, NY 10169. Defendants Micheline and Guy Prosper were represented by Bilello & Walisever, Esqs., 760 Woodbury Rd., Woodbury, NY 11797.

Herbert Kramer, J.
What must defendant show in order to put plaintiff to her proof of serious injury under the 90 -out- of -180 day rule?
This is a motion to reargue this Court's decision of January 14, 2004, granting defendants' motion to dismiss for plaintiff's failure to demonstrate the existence of a serious physical injury pursuant to Insurance Law section 5102(d). The motion to reargue is granted and upon reconsideration this Court adheres to its original decision for the reasons outlined below.
 Plaintiff claims that defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law with respect to plaintiff's 90/180 claim. .
Plaintiff's argument is grounded in a relatively small group of cases emanating from the Appellate Division of the Supreme Court, Third Department which seem to hold that unless the IME doctor actually discusses and rejects the plaintiff's 90/180 claim and/or has examined the plaintiff within the 180 day period, the defendant has not met its burden as a matter of law. See e.g. Lowell v. Peters, 3 A.D.3d 778(3d Dept. 2004); Tornatore v. Haggerty, 307 A.D.2d 522(3d Dept. 2003); Temple v. Doherty, 301 A.D.2d 979 (3d Dept.2003).[FN1]
This holding flies in the face of a decision emanating from the Court of Appeals which, ironically, is oft cited for the proposition that a defendant must come forward with sufficient evidence to demonstrate that the plaintiff has not sustained a serious injury before [*2]plaintiff is put to its proof. In Gaddy v. Eyler, 79 N.Y.2d 955(1992), the plaintiff claimed that she had suffered a serious injury with respect to three of the categories laid out in Insurance Law §5102(d), including a "' medically determined injury or impairment of a non-permanent nature' which endured for 90 days or more and substantially limited the performance of her daily activities." The Gaddy Court found that the defendant "established a prima facie case that plaintiff's injuries were not serious through the affidavit of a physician who examined her and concluded that she had a normal neurological examination [FN2], [and stated that the] burden then shifted to plaintiff to come forward with sufficient evidence to overcome defendant's motion by demonstrating that she sustained a serious injury within the meaning of the No-Fault Insurance Law ." With respect to the 90/180 category, the Gaddy Court held that the plaintiff did not meet this burden.
Thus, with respect to defendant's burden of proof in the 90/180 category, the Court of Appeals was apparently satisfied with a physician's affidavit to the effect that the plaintiff had a normal neurological examination. The same conclusion was reached by the First Department which held that a defendant met its burden by submitting medical evidence "none of which demonstrated that plaintiff sustained an injury which addressed or supported a conclusion that her injury required her to stay home from work or prevented her from performing her usual and customary activities for 90 of the 180 days following the accident." Here, as in the case at bar, the plaintiff had missed time from work, and here, as in our case, the plaintiff did not substantiate her absence with competent evidence of a doctor's statement of the medical necessity for the absence. Nelson v. Distant, 308 A.D.2d 338, 339(lst Dept. 2003).
This Court following the decision of the Court of Appeals in Gaddy v. Eyler, 79 N.Y.2d 955, supra, holds that where, as here, the defendant comes forward with competent medical evidence presenting in essence a "normal neurological examination," of the plaintiff, the defendant has met its burden of going forward with respect to the plaintiff's 90/180 claim. That having been accomplished, the plaintiff here failed to sustain her burden of demonstrating that a triable issue of fact existed in this regard.
Accordingly, this Court adheres to its prior determination granting defendant's summary judgment motion and dismissing the complaint.
This constitutes the decision and order of the Court.
J.S.C.
Decision Date: April 14, 2004
Footnotes

Footnote 1:This approach is disturbing since it would be difficult, if not impossible, for a defendant to meet this burden of going forward. An defendant's IME doctor may not even have had the opportunity to examine the plaintiff before the expiration of the 180 day post accident period since the lawsuit may not have yet been brought, let alone ripened to the discovery stage within that period. Thus most doctors would not be able to make any statements about a plaintiffs' post accident capacities. 

Footnote 2: The decision of the Appellate Division in this case provides a bit more information about the defendant's submissions: Defendant relied principally "upon the affidavit of Daniel Silverman, its examining physician, and the lack of credible, objective medical evidence to support plaintiff's claim of serious injury. Silverman examined plaintiff . . . some ten months after plaintiff's last examination by her own physician. He found that plaintiff had a full range of motion of the neck and that her neurological examination was normal with no objective findings to corroborate a cervical radiculopathy or herniated disc." 167 A.D.2d 67, 69.