■ LORNA NEMBHARD, Appellant, v THOMASA DELATORRE, Defendant, and MICHELINE PROSPER et al., Respondents. [791 NYS2d 144]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Kramer, J.), dated January 14, 2004, which granted the motion of the defendants Micheline Prosper and Guy Prosper for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by her brief, from so much of an order of the same court dated April 14, 2004, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 14, 2004, is dismissed, as that order was superseded by the order dated April 14, 2004, made upon reargument; and it is further,

Ordered that the order dated April 14, 2004, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated January 14, 2004, is vacated, the motion for summary judgment is denied, and the complaint is reinstated insofar as asserted against the respondents.

The respondents failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmation of the respondents' examining orthopedist merely noted that the plaintiff had a "full" range of motion in her cervical and lumbar spine and shoulders without setting forth the objective test or tests performed supporting his conclusion (*see Black v Robinson*, 305 AD2d 438 [2003]; *see also Zavala v DeSantis*, 1 AD3d 354 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]). Moreover, although the respondents' orthopedist recorded that the plaintiff missed four months of work after the accident, neither he nor the respondents' other expert addressed the major allegation contained in the plaintiff's bill of particulars, that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Peplow v Murat*, 304 AD2d 633 [2003]; *Frier v Teague*, 288 AD2d 177, 178 [2001]). Since the respondents failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see also Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur. [*See* 2 Misc 3d 1011(A), 2004 NY Slip Op 50283(U) (2004).]