■ PAULA KORPALSKI et al., Appellants, v WAI H. LAU, Respondent. [793 NYS2d 195]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 12, 2004, as, upon reargument, adhered to a prior determination made in an order dated March 5, 2004, granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Paula Korpalski on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and directing dismissal of the complaint in its entirety, and denied, as academic, the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order dated May 12, 2004, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated March 5, 2004, is vacated, the defendant's motion for summary judgment is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiffs' cross motion on the merits.

The defendant failed to make a prima facie showing that the plaintiff Paula Korpalski did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). While the defendant's examining orthopedist concluded that the plaintiff had a normal range of motion in her neck, he "failed to set forth the objective tests [he] performed" which led him to that conclusion (*Zavala v DeSantis*, 1 AD3d 354 [2003]; *see Black v Robinson*, 305 AD2d 438 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]). In addition, both of the defendant's experts, an orthopedic surgeon and a neurologist, reported finding a limitation of motion in the plaintiff's left shoulder; the orthopedic surgeon also reported finding a limitation of motion in the plaintiff's lower back. Since the defendant failed to meet his initial burden of establishing a prima facie case, he was not entitled to summary judgment (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see also Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

The order dated March 5, 2004, improperly dismissed the complaint as to both plaintiffs notwithstanding that the defendant's motion for summary judgment was directed only to the plaintiff Paula Korpalski, and notwithstanding that the plaintiff Ana Korpalski also asserted a cause of action on her own behalf alleging that she sustained serious injuries in the subject motor vehicle accident. The plaintiffs' motion, inter alia,

for reargument essentially was premised on the grounds that the order dated March 5, 2004, did not indicate that the Supreme Court considered their cross motion for summary judgment as to liability, and that, in any event, the granting of the defendant's motion for summary judgment dismissing the cause of action asserted by Paula Korpalski did not affect the cause of action asserted by Ana Korpalski. The Supreme Court, upon granting reargument, adhered to its prior determination in the order dated March 5, 2004, granting the defendant's motion for summary judgment and dismissing the complaint in its entirety, and thereupon denied the plaintiffs' cross motion for summary judgment on the issue of liability as academic. In view of our determination, the matter must be remitted to the Supreme Court, Kings County, to determine the plaintiffs' cross motion on the merits (*see Galati v Brice*, 290 AD2d 530, 531 [2002]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.