■ KELICA KELLY et al., Appellants, v MICHAEL J. REHFELD, Respondent. [809 NYS2d 581]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated October 21, 2004, as, upon reargument, adhered to its prior determination in an order dated June 18, 2004, granting the defendant's motion for summary judgment dismissing the first and second causes of action on the ground that the plaintiff Kelica Kelly did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated October 21, 2004, is reversed

insofar as appealed from, on the law, with costs, upon reargument, the order dated June 18, 2004, is vacated, the motion for summary judgment is denied, and the first and second causes of action are reinstated.

The defendant failed to make a prima facie showing that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Although the defendant's examining orthopedist concluded that the infant plaintiff had no restriction of range of motion in her cervical spine, the orthopedist "failed to set forth the objective tests he performed which led him to that conclusion" (*Korpalski v Lau,* 17 AD3d 536, 537 [2005] [internal quotation marks omitted]). Moreover, the defendant's examining neurologist reported a finding of mild paravertebral tenderness of the cervical, thoracic, and lumbar sacral regions and that her range of motion was restricted, although not significantly, without assigning a quantitative percentage or qualitative assessment of the degree of restriction of range of motion. Accordingly, the defendant failed to make a prima facie case for judgment as a mater of law (*see Korpalski v Lau, supra; Gamberg v Romeo,* 289 AD2d 525 [2001]).

In view of the foregoing, we need not examine the sufficiency of the papers submitted by the plaintiffs in opposition to the defendant's motion for summary judgment (*see Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.