■ MANUEL VAZQUEZ, Appellant, v RICHARD L. BASSO et al., Respondents. [815 NYS2d 626]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated February 7, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to establish their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' examining orthopedist merely stated in his affirmed medical report that upon physical examination, the plaintiff "had full range of motion of all segments of the spine extending from the cervical to [the] lumbosacral region," without setting forth the objective medical testing performed to support his conclusion (*see Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Black v Robinson*, 305 AD2d 438 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Facci v Kaminsky*, 18 AD3d 806 [2005]; *Rich-Wing v Baboolal*, 18 AD3d 726 [2005]; *Nembhard v Delatorre, supra; Lesane v Tejada*, 15 AD3d 358 [2005]; *Hennessy v Verizon N.Y., Inc.*, 8 AD3d 619 [2004]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.