■ ANTONIO ILARDO et al., Plaintiffs, and DOMENICA ILARDO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [814 NYS2d 201]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff Domenica Ilardo appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 18, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing her causes of action on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the causes of action asserted by the plaintiff Domenica Ilardo is denied, and those causes of action are reinstated.

The defendants failed to make a prima facie showing that the appellant did not sustain a serious injury (*see* Insurance Law § 5102 [d]; *see generally, Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 353 [2002]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Meely v 4 G's Truck Renting Co., Inc.,* 16 AD3d 26 [2005]). The affirmation of the defendants' examining orthopedist failed to set forth the objective tests he performed in concluding that the appellant had a normal range of motion. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not address the sufficiency of the appellant's opposition papers (*see Nembhard v Delatorre,* 16 AD3d 390, 391 [2005]; *Minlionica v Shahabi,* 296 AD2d 569, 570 [2002]).

We note that to the extent that the appellant has raised issues in her brief concerning the plaintiffs' entitlement to summary judgment on the issue of liability, we do not reach those issues. The notice of appeal specified that the appeal was limited to that part of the order which granted the defendants' motion for summary judgment. "An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of that order" (*532 Realty Assoc. v Spearhead Sys.,* 1 AD3d 476, 477 [2003] [internal quotation marks omitted]; *see Clark v 345 E. 52nd St. Owners,* 245 AD2d 410, 413 [1997]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.