■ DANIEL AGATHE, Appellant, v TUN CHEN WANG et al., Respondents. [822 NYS2d 766]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 11, 2005, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The defendants failed to satisfy their burden of establishing, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' examining orthopedic surgeon set forth a single range of motion finding with respect to the plaintiff's left knee, but failed to compare that finding to what is considered to be the normal range of motion, as is required (*see Yashayev v Rodriguez*, 28 AD3d 651, 652 [2006]; *Sullivan v Dawes*, 28 AD3d 472 [2006]; *Browdame v Candura*, 25 AD3d 747, 748 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625, 626 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]). The defendants' examining neurologist merely noted that the plaintiff had "excellent" range of motion of the neck and lower back, and he failed to set forth the objective testing performed to arrive at his conclusion that the plaintiff did not suffer from any limitations in movement in those regions (*see Ilardo v New York City Tr. Auth.*, 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld*, 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre*, 16 AD3d 390, 391 [2005]; *Black v Robinson*, 305 AD2d 438, 439 [2003]). Since the defendants thus failed to establish their entitlement to judgment as a matter of law, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the cross motion were sufficient to raise a triable issue of fact (*see Ilardo v New York City Tr. Auth.*, supra at 611; *Nembhard v Delatorre*, supra at 391). Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.