■ BARBARA SCHACKER, Appellant, v COUNTY OF ORANGE et al., Respondents. [822 NYS2d 777]—

In an action, inter alia, to recover damages for personal

injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated November 4, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In support of their motion, the defendants relied upon, among other things, the affidavit of Dr. Robert Hendler, an orthopedist, who examined the plaintiff on April 21, 2003. Dr. Hendler, in discussing range of motion testing performed on the plaintiff on that date, merely stated that such testing revealed "full range of motion" of the cervical and lumbar spine, as well as the plaintiff's shoulders. Dr. Hendler failed to set forth the objective testing he performed in order to come to the conclusion that the plaintiff did not sustain any limitations in range of motion as a result of the subject accident (*see Ilardo v New York City Tr. Auth.*, 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld*, 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre*, 16 AD3d 390, 391 [2005]; *Black v Robinson*, 305 AD2d 438, 439 [2003]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not address the sufficiency of the plaintiff's opposition papers (*see Nembhard v Delatorre, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.