■ ESTHER JOHNSON, et al., plaintiff v JOHN CAUTHEN, Appellant. [824 NYS2d 341]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated July 22, 2005, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Esther Johnson on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant failed to carry his burden of establishing, prima facie, that the plaintiff Esther Johnson did not sustain a

serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). Although the defendant's examining neurologist asserted, in an affirmed medical report, that Johnson had a "full" range of motion in the cervical and lumbar regions of her spine and the defendant's examining orthopedist asserted, in an affirmed medical report, that Johnson had "full" range of motion in the cervical region of her spine, the defendant's proof was insufficient because neither physician set forth the basis for those conclusions (*see Nembhard v Delatorre,* 16 AD3d 390 [2005]; *Black v Robinson,* 305 AD2d 438 [2003]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether Johnson's opposition papers were sufficient to raise a triable issue of fact (*see Nembhard v Delatorre, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.