■ JESSICA EYBERS et al., Respondents-Appellants, v NATHANIEL SILVERMAN et al., Appellants-Respondents. [830 NYS2d 240]—

In an action, inter alia, to recover damages for personal injuries, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Smith, J.), dated September 29, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jessica Eybers on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment on the issue of liability, and (2) the plaintiffs appeal from so much of an order of the same court dated December 14, 2005 as denied their motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated December 14, 2005 is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated September 29, 2005 is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability is granted; and it is further,

Ordered that the order dated September 29, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs' motion, which resulted in the order dated December 14, 2005, although denominated as one for leave to renew and reargue, was, in effect, a motion for leave to reargue, the denial of which is not appealable (*see Rivera v Toruno*, 19 AD3d 473, 474 [2005]; *Sallusti v Jones*, 273 AD2d 293, 294 [2000]).

The defendants failed to make a prima facie showing that the plaintiff Jessica Eybers (hereinafter Jessica) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by Jessica, the defendants relied upon, inter alia, Jessica's medical reports and records. One of these noted the existence of limitations in the range of motion of her cervical spine without sufficient quantification or qualification to establish that the limitation of motion was not significant (*see Brown v Motor Veh. Acc. Indem. Corp.*, 33 AD3d 832 [2006]; *Mendola v Demetres*, 212 AD2d 515 [1995]; *see also Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]). Moreover, the affirmed medical report of the defendants' examining neurologist noted that she had "full" range of motion in her neck, yet he failed to state what objective testing he used to arrive at his conclusion that she did not have any limitations (*see McCrary v Street*, 34 AD3d 768 [2006]; *Ilardo v New York City Tr. Auth.*, 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld*, 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre*, 16 AD3d 390, 391 [2005]; *Black v Robinson*, 305 AD2d 438, 439 [2003]). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the papers submitted in opposition to the defendants' motion (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The Supreme Court, however, erred in denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability. A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision (*see Filippazzo v Santiago*, 277 AD2d 419, 419 [2000]; *Power v Hupart*, 260 AD2d 458 [1999]).

In support of this branch of the cross motion, the plaintiffs

established their prima facie entitlement to judgment as a matter of law by relying on the affidavit of the defendant driver, who admitted that he struck the rear of the plaintiffs' vehicle after noticing it when he was only two car lengths away (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The defendants failed to raise a triable issue of fact by coming forward with a nonnegligent explanation for the subject accident (*see Console v Wyckoff Hgts. Med. Ctr.*, 19 AD3d 637, 638 [2005]).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Mastro, Santucci, Lifson and Angiolillo, JJ., concur.