■ ALADIN LARRIEUT, Respondent, v JOSHUA GUTTERMAN, Defendant, and RACHEL GERDES et al., Appellants. [832 NYS2d 44]—

In an action to recover damages for personal injuries, the defendants Rachel Gerdes and Fritz Clairvil appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated November 23, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Rachel Gerdes and Fritz Clairvil (hereinafter the defendants) failed to meet their prima facie burden on that branch of their motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). While the affirmed medical report of the defendants' examining orthopedist set forth range of motion

findings with respect to the plaintiff's cervical and lumbar spine, as well as his right shoulder and right knee, the examining orthopedist failed to compare those findings to the normal range of motion (*see Iles v Jonat,* 35 AD3d 537 [2006]; *Mirochnik v Ostrovskiy,* 35 AD3d 413 [2006]; *Kavanagh v Singh,* 34 AD3d 744 [2006]; *Caracci v Miller,* 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang,* 33 AD3d 737 [2006]; *Mondi v Keahon,* 32 AD3d 506 [2006]; *Benitez v Mileski,* 31 AD3d 473 [2006]; *Abraham v Bello,* 29 AD3d 497 [2006]; *Yashayev v Rodriguez,* 28 AD3d 651 [2006]; *Sullivan v Dawes,* 28 AD3d 472 [2006]). Moreover, the defendants' examining neurologist, in discussing range of motion testing performed on the plaintiff in his affirmed report, merely stated that such testing revealed "full range of motion" of the cervical spine, both shoulders, as well as the lower torso. However, he failed to set forth the objective testing he performed in order to reach the conclusion that the plaintiff did not sustain any limitations in range of motion in these areas as a result of the subject accident (*see Schacker v County of Orange,* 33 AD3d 903 [2006]; *Ilardo v New York City Tr. Auth.,* 28 AD3d 610 [2006]; *Kelly v Rehfeld,* 26 AD3d 469 [2006]; *Nembhard v Delatorre,* 16 AD3d 390 [2005]; *Black v Robinson,* 305 AD2d 438 [2003]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not address the sufficiency of the plaintiff's opposition papers (*see Iles v Jonat, supra; Schacker v County of Orange, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.