■ Bohdan N. Geba et al., Appellants, v James D. Obermeyer et al., Respondents. [832 NYS2d 70]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated October 24, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Bohdan N. Geba did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Bohdan N. Geba did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff Bohdan N. Geba (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In support of their motion, the defendants relied upon, among other things, the affirmed medical report of their examining neurologist, who examined the injured plaintiff on October 6, 2004. In discussing range of motion testing performed on the injured plaintiff on that date, he merely stated that such testing revealed no "limitation of mobility in the head, neck, back, or limbs." While he made such findings, he failed to set forth the objective testing he performed in order to come to the conclusion that the injured plaintiff did not sustain any limitations in cervical and lumbar range of motion as a result of the subject accident (*see Schacker v County of Orange,* 33 AD3d 903 [2006]; *Ilardo v New York City Tr. Auth.,* 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld,* 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre,* 16 AD3d 390, 391 [2005]; *Black v Robinson,* 305 AD2d 438, 439 [2003]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not address the sufficiency of the

plaintiffs' opposition papers (*see Nembhard v Delatorre, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.