■ MIGUEL CEDILLO, Appellant, v ANGEL M. RIVERA et al., Respondents. [835 NYS2d 238]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated March 8, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' examining neurologist, in his affirmed report,

merely determined that the plaintiff had full range of motion of the neck but did not set forth what objective testing was done to support that determination, thus rendering it conclusory (*see Schacker v County of Orange,* 33 AD3d 903, 904 [2006]; *Ilardo v New York City Tr. Auth.,* 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld,* 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre,* 16 AD3d 390, 391 [2005]). As to the lumbar spine, he merely noted that the plaintiff complained of pain with 90 degrees of flexion and failed to compare that finding to normal, again rendering the finding conclusory (*see Harman v Busch,* 37 AD3d 537 [2007]; *Iles v Jonat,* 35 AD3d 537, 538 [2006]; *Mirochnik v Ostrovskiy,* 35 AD3d 413 [2006]; *Kavanagh v Singh,* 34 AD3d 744, 745-746 [2006]; *Caracci v Miller,* 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang,* 33 AD3d 737, 738 [2006]; *Mondi v Keahon,* 32 AD3d 506 [2006]; *Benitez v Mileski,* 31 AD3d 473, 474 [2006]). The defendants' examining orthopedic surgeon, in his affirmed report, set forth range of motion findings as to the plaintiff's cervical spine, lumbar spine, and knees, but failed to compare those findings to the normal ranges of motion for those regions of the plaintiff's body, rendering the determination conclusory (*see Harman v Busch, supra; Iles v Jonat, supra*). Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.