■ Maria Palladino et al., Appellants, v John Antonelli et al., Respondents. [836 NYS2d 656]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated February 2, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Maria Palladino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Maria Palladino (hereinafter the injured plaintiff) did not sustain a serious injury within the

meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' examining neurologist and examining orthopedist merely stated that the range of motion in the injured plaintiff's cervical spine was "full," without setting forth the objective test or tests performed to support their conclusion (*see McCrary v Street*, 34 AD3d 768 [2006]; *Ilardo v New York City Tr. Auth.*, 28 AD3d 610 [2006]; *Kelly v Rehfeld*, 26 AD3d 469 [2006]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Black v Robinson*, 305 AD2d 438 [2003]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein and Covello, JJ., concur.