◼ ELLEN GIAMMANCO, Appellant, v MICHAEL P. VALERIO, JR., et al., Respondents. [850 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 5, 2006, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint insofar as asserted against the defendants are denied.

Contrary to the Supreme Court's determination, the defendants failed to establish, on their separate motions for summary judgment, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002]; *McNulty v Buglino*, 40 AD3d 591 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]). In support of their separate motions for summary judgment, the defendants relied on essentially the same submissions, including the affirmed medical reports of the examining orthopedist and neurologist of the defendant Michael Valerio, Jr. In the affirmed medical report of the examining orthopedist, he set forth lumbar spine range of motion findings, but failed to compare those findings to what is normal (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]; *McNulty v Buglino*, 40 AD3d at 592; *Osgood v Martes*, 39 AD3d 516 [2007]; *McLaughlin v Rizzo*, 38 AD3d at 858), and in the process noted a significant limitation in the plaintiff's lumbar rotation (*see Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2007]). In the report of the examining neurologist, he concluded that the plaintiff had "full" range of motion in, inter alia, the cervical and lumbar regions of her spine, yet failed to set forth the objective test or tests he performed to arrive at those conclusions (*see Palladino v Antonelli*, 40 AD3d 944, 945 [2007]; *McCrary v Street*, 34 AD3d 768, 769 [2006]; *Nembhard v Delatorre*, 16 AD3d 390, 391 [2005]).

Since the defendants failed to establish their respective prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Palladino v Antonelli*, 40 AD3d at 945; *McNulty v Buglino*, 40 AD3d at 592; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.