■ ANGEL A. PEREZ et al., Appellants, v DAMARIS FUGON et al., Respondents. [861 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiffs appeal (1) from an order of the Supreme Court, Orange County (McGuirk, J.), dated February 28, 2007, which granted the motion of the defendant Mary R. Gardner for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff Mariana Perez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by their brief, from so much of an order of the same court dated November 2, 2007, as denied that branch of their motion which was for leave to renew their opposition to the motion of the defendant Mary R. Gardner and to the separate motion of the defendants Damaris Fugon and Karen M. Penamontoya for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Mariana Perez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order of the same court also dated February 28, 2007, and, upon reargument, adhered to the original determinations in the prior orders.

Ordered that the appeal from the order dated February 28, 2007, granting the motion of the defendant Mary R. Gardner for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff Mariana Perez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), is dismissed, as that order was superseded by the order dated November 2, 2007, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated November 2, 2007, as denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the motion of the defendant Mary R. Gardner and to the separate motion of the defendants Damaris Fugon and Karen M. Penamontoya for

summary judgment dismissing the complaint insofar as asserted against each of them is dismissed, as academic in light of our determination; and it is further,

Ordered that the order dated November 2, 2007 is reversed insofar as reviewed, on the law, upon reargument, the orders dated February 28, 2007 are vacated and the motion of the defendant Mary R. Gardner and the separate motion of the defendants Damaris Fugon and Karen M. Penamontoya for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff Mariana Perez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied; and it is further,

Ordered that one bill of costs is awarded to the appellants payable by the respondents appearing separately and filing separate briefs.

The Supreme Court, upon reargument, improperly adhered to its original determinations granting the motion of the defendant Mary R. Gardner and the separate motion of the defendants Damaris Fugon and Karen M. Penamontoya for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff Mariana Perez (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendants failed to show their prima facie entitlement to judgment as a matter of law. The only evidence relied upon in support of their respective motions was the affirmed medical report of Dr. Robert C. Hendler, an orthopedist who examined the injured plaintiff at the request of the defendant Mary R. Gardner. While Dr. Hendler opined, inter alia, that the injured plaintiff had "full" ranges of motion in her left shoulder and cervical and lumbar spine on the date of the examination, he failed, among other things, to set forth the objective test or tests he performed to arrive at those conclusions (*see Giammanco v Valerio,* 47 AD3d 674, 675 [2008]; *Palladino v Antonelli,* 40 AD3d 944, 945 [2007]; *Cedillo v Rivera,* 39 AD3d 453, 453-454 [2007]; *McLaughlin v Rizzo,* 38 AD3d 856, 857 [2007]; *Geba v Obermeyer,* 38 AD3d 597 [2007]; *Larrieut v Gutterman,* 37 AD3d 424, 425 [2007]; *Schacker v County of Orange,* 33 AD3d 903, 904 [2006]; *Ilardo v New York City Tr. Auth.,* 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld,* 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre,* 16 AD3d 390, 391 [2005]). In addition, while he did set forth range of motion findings with respect to the injured plaintiff's knees, he failed to compare those findings to the normal ranges of motion (*see Page v Belmonte,* 45 AD3d 825, 825-826 [2007]; *Fleury v Benitez,* 44 AD3d 996, 997 [2007]).

Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.