■ JUDY SPAHN, Respondent, v HEIDI WOHLMACHER, Appellant. [862 NYS2d 516]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated November 9, 2007, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of her motion, the defendant relied upon, inter alia, the report of her examining neurologist, who examined the plaintiff on December 6, 2006 over one year after the subject accident. During that examination, the plaintiff's lumbar spine and cervical spine were tested. During testing of the plaintiff's lumbar spine, the defendant's examining neurologist noted that the plaintiff was able to bend forward and bring her hands down to the midthigh level. In the supine position, the plaintiff's leg elevation was to 30 degrees bilaterally. Despite making these findings, the defendant's examining neurologist never compared those findings to what is normal (see Page v Belmonte, 45 AD3d 825 [2007]; Malave v Basikov, 45 AD3d 539 [2007]; Fleury v Benitez, 44 AD3d 996 [2007]; Nociforo v Penna, 42 AD3d 514 [2007]). As to the cervical spine, the defendant's examining neurologist merely stated that movements of the neck were "normal" without setting forth the objective tests used to arrive at those conclusions that the plaintiff had full range of motion in the cervical spine (see Giammanco v Valerio, 47 AD3d 674 [2008]; Palladino v Antonelli, 40 AD3d 944, 945 [2007]; Cedillo v Rivera, 39 AD3d 453 [2007]; McLaughlin v Rizzo, 38 AD3d 856 [2007]; Geba v Obermeyer, 38 AD3d 597 [2007]; Larrieut v Gutterman, 37 AD3d 424 [2007]).

Since the defendant failed to meet her prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the defendant's motion for summary judgment were sufficient to raise a triable issue of fact (see Page v Belmonte, 45 AD3d at 826; Giammanco v Valerio, 47 AD3d at

675; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.