■ FRED STERN, Plaintiff, and LEE BOODOO, Appellant, v OCEANSIDE SCHOOL DISTRICT et al., Respondents. [865 NYS2d 325]—

In an action to recover damages for personal injuries, the plaintiff Lee Boodoo appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered July 26, 2007, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Lee Boodoo is denied.

Contrary to the Supreme Court's conclusion, the defendants did not establish their entitlement to judgment as a matter of law with respect to the claims asserted by the plaintiff Lee Boodoo (hereinafter the plaintiff) by submitting evidence that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In the report of the defendants' examining neurologist, that physician concluded that the plaintiff had "full" range of motion in his cervical and lumbar spine, yet he failed to set forth the objective testing he performed in arriving at those conclusions (*see Cedillo v Rivera*, 39 AD3d 453 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]; *Geba v Obermeyer*, 38 AD3d 597 [2007]; *Larrieut v Gutterman*, 37 AD3d 424 [2007]; *Schacker v County of Orange*, 33 AD3d 903 [2006]; *Ilardo v New York City Tr. Auth.*, 28 AD3d 610 [2006]; *Kelly v Rehfeld*, 26 AD3d 469 [2006]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Black v Robinson*, 305 AD2d 438 [2003]). Moreover, the defendants included, with their submissions, various reports of the

plaintiff's treating physicians, at least one of which noted significant limitations of motion in the plaintiff's lumbar and cervical spine (*see Colacino v Andrews*, 50 AD3d 615 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]).

Since the defendants did not meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the motion were sufficient to raise a triable issue of fact (*see Colacino v Andrews*, 50 AD3d 615 [2008]; *Cedillo v Rivera*, 39 AD3d 453 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.