■ GASPARE GIAMMALVA, Respondent, v RICHARD T. WINTERS et al., Appellants. [873 NYS2d 227]—

In a consolidated action to recover damages for personal injuries, the defendants Richard T. Winters and Richard Winters appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered January 7, 2008, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Albino Nigro separately appeals from the same order.

Ordered that the appeal by the defendant Albino Nigro is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Richard T. Winters and Richard Winters, with costs payable to the plaintiff by those defendants.

The defendants Richard T. Winters and Richard Winters (hereinafter the appellants) failed, in support of their cross motion, to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their cross motion, they relied upon, inter alia, the affirmed medical report of Dr. Eduardo V. Alvarez, an orthopedic surgeon, who examined the plaintiff on February 12, 2005. While Dr. Alvarez set forth range-of-motion findings with respect to the plaintiff's lumbar spine in his report, he failed to compare those findings to what is normal (see Perez v Fugon, 52 AD3d 668 [2008]; Page v Belmonte, 45 AD3d 825, 825-826 [2007]; Fleury v Benitez, 44 AD3d 996, 997 [2007]). Moreover, while Dr. Alvarez noted in his report that the plaintiff had "normal" range of motion in his shoulders, he failed to set forth the objective tests he performed to arrive at that conclusion (see Stern v Oceanside School Dist., 55 AD3d 596, 596 [2008]; Cedillo v Rivera, 39 AD3d 453 [2007]; McLaughlin v Rizzo, 38 AD3d 856 [2007]; Geba v Obermeyer, 38 AD3d 597 [2007]; Larrieut v Gutterman, 37 AD3d 424 [2007]; Schacker v County of Orange, 33 AD3d 903 [2006]; Ilardo v New

*York City Tr. Auth.*, 28 AD3d 610 [2006]; *Kelly v Rehfeld*, 26 AD3d 469 [2006]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Black v Robinson*, 305 AD2d 438 [2003]).

Since the appellants failed to meet their prima facie burden, it is not necessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Stern v Oceanside School Dist.*, 55 AD3d 596 [2008]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Spolzino, J.P., Ritter, Covello, McCarthy and Belen, JJ., concur.