■ ALLA NIRENBERG et al., Respondents, v PUBLIC ADMINISTRATOR OF WESTCHESTER COUNTY, Appellant. [879 NYS2d 547]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Loehr, J.), dated October 28, 2008, which denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff Alla Nirenberg did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendant failed to meet its prima facie burden of showing that the plaintiff Alla Nirenberg (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of its motion, the defendant relied, inter alia, on the affirmed medical report of Dr. Elliot R. Gross. While Dr. Gross, the defendant's only medical expert, opined in his medical report that the injured plaintiff had "full" range of motion in her cervical and lumbar spines, he failed to set forth the objective medical tests he performed in reaching those conclusions (*see Giammalva v Winters*, 59 AD3d 595 [2009]; *Stern v Oceanside School Dist.*, 55 AD3d 596 [2008]; *Spahn v Wohlmacher*, 52 AD3d 815 [2008]; *Perez v Fugon*, 52 AD3d 668 [2008]). Dr. Gross also diagnosed the injured plaintiff with post-traumatic stress disorder, an injury she claimed in her bill of particulars.

Since the defendant failed to meet its prima facie burden, it is unnecessary to consider whether the papers submitted by the injured plaintiff in opposition to the defendant's motion for summary judgment were sufficient to raise a triable issue of fact (*see Giammalva v Winters*, 59 AD3d 595 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Spolzino, J.P., Santucci, Angiolillo and Leventhal, JJ., concur.