■ BRENDA OREJUELA, Appellant, v LYLE D. FRANCIS et al., Respondents. [895 NYS2d 851]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 15, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of Edward Weiland, a neurologist, who examined the plaintiff on April 24, 2008. While Weiland noted in his report that the plaintiff had full range of motion in her extremities, he failed to set forth the objective tests he performed to arrive at that conclusion (*see Stern v Oceanside School Dist.*, 55 AD3d 596 [2008]; *Cedillo v Rivera*, 39 AD3d 453 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]; *Geba v Obermeyer*, 38 AD3d 597 [2007]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Gaccione v Krebs*, 53 AD3d 524 [2008]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.