■ PAMELA CASSANDRA, Appellant, v ULYSSE DUMOND et al., Respondents. [818 NYS2d 552]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated April 18, 2005, which granted the motion of the defendant Ulysse Dumond for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted those branches of the cross motion of the defendants Singh Surinder and Tangueray Hacking Corp. which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and, in effect, for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with one bill of costs payable to the plaintiff by the defendants appearing separately and filing separate briefs, the motion and those branches of the cross motion of the defendants Singh Surinder and Tangueray Hacking Corp. which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and, in effect, for summary judgment on the issue of liability are denied, and the complaint is reinstated.

The defendants failed to establish in their moving papers that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident

(*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The papers submitted in support of the motion and cross motion included the affirmed medical report of an orthopedist which indicated the existence of limitations in motion of the cervical spine (*see Kaminsky v Waldner,* 19 AD3d 370, 371 [2005]; *Omar v Bello,* 13 AD3d 430 [2004]; *Grant v Parsons Coach, Ltd.,* 12 AD3d 484, 485 [2004]; *Scotti v Boutureira,* 8 AD3d 652 [2004]). Since the defendants failed to establish their prima facie burdens it is unnecessary to consider whether the plaintiff's opposition papers to the motion and cross motion were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]).

That branch of the cross motion of the defendants Singh Surinder and Tangueray Hacking Corp. (hereinafter Tangueray) which was for summary judgment on the issue of liability should have been denied. These defendants established their entitlement to judgment as a matter of law on the issue of liability since they proffered evidence establishing that the vehicle driven by the defendant Ulysse Dumond struck the rear of the vehicle driven by Surinder, which was owned by Tangueray, while that vehicle was either stopped or stopping (*see Gaeta v Carter,* 6 AD3d 576 [2004]; *Chepel v Meyers,* 306 AD2d 235, 235 [2003]; *Purcell v Axelsen,* 286 AD2d 379, 380 [2001]). However, in opposition, a triable issue of fact was raised as to whether Surinder may have been negligent in the happening of the subject accident. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.