■ JENNIFER RUSSO, Appellant, v ARLENE ROSS et al., Respondents. [821 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated August 23, 2005, as granted the motion of the defendant Arlene Ross, and that branch of the separate motion of the defendants Daniel Correa and Jose I. Correa, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of the defendant Arlene Ross, and that branch of the motion of the defendants Daniel Correa and Jose I. Correa which was for summary judgment dismissing the complaint insofar as asserted

against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied, and the complaint is reinstated.

The defendants failed to satisfy their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The defendants' examining orthopedist, who examined, inter alia, the plaintiff's knees, merely stated in his affirmed medical report that there was "full range of motion," and the defendants' examining neurologist, who examined, among other things, the plaintiff's cervical spine, merely stated in his affirmed medical report that the cervical spine had "full range of motion." These experts failed, however, to set forth the objective test or tests performed at arriving at the conclusions that the plaintiff had full range of motion of both knees and the cervical spine (*see Nembhard v Delatorre,* 16 AD3d 390 [2005]; *Black v Robinson,* 305 AD2d 438 [2003]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance on the threshold issue of serious injury, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Nembhard v Delatorre, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.