■ TAMARA MURDAKHAYEVA, Respondent, v BLACKSTONE LIMO, INC., et al., Appellants, et al., Defendants. [820 NYS2d 898]—

In an action to recover damages for personal injuries, (1) the defendants Blackstone Limo, Inc., and Arteaga Franklyn appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated June 17, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) the defendants City of New York and New York City Department of Sanitation separately appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.

The appellants failed to make their respective prima facie showings that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmed medical report of the examining neurologist relied upon by the appellants merely noted that the plaintiff had a full range of motion in her cervical spine without setting forth the objective test or tests performed supporting his conclusion (*see Nembhard v Delatorre,* 16 AD3d 390 [2005]; *Black v Robinson,* 305 AD2d 438, 439 [2003]). Since the appellants failed to satisfy their prima facie burdens, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.