■ CHRISTOPHER McCRARY et al., Appellants, v MONIQUE STREET et al., Respondents. [825 NYS2d 514]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated May 27, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Christopher McCrary did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

The defendants failed to make a prima facie showing that the injured plaintiff, Christopher McCrary, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendants' examining neurologist noted that there was a limitation in the range of motion of the injured plaintiff's neck "on turning," but did not sufficiently quantify the limitation to establish that it was insignificant (*see Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Connors v Flaherty*, 32 AD3d 891 [2006]; *Cassandra v Dumond*, 31 AD3d 476 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]). Furthermore, the examining neurologist merely stated that the range of motion of the injured plaintiff's neck was otherwise "full in all planes," without setting forth the objective test or tests performed to support this conclusion (*see Whittaker v Webster Trucking Corp., supra; Murdakhayeva v Blackstone Limo, Inc.*, 32 AD3d 1002 [2006]; *Russo v Ross*, 32 AD3d 386 [2006]; *Ilardo v New York City Tr. Auth.*, 28 AD3d 610 [2006]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Whittaker v Webster Trucking Corp., supra; Connors v Flaherty, supra; Cassandra v Dumond, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.