■ MICHAEL DeLUCA, Appellant, v MATTHEW T. MICELI, Respondent. [830 NYS2d 331]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 22, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In his attempt to establish his entitlement to judgment as a matter of law, the defendant relied upon, inter alia, the affirmed medical reports of a neurologist and orthopedic surgeon. In the neurologist's report, which was based on an examination of the plaintiff on September 8, 2004, the neurologist set forth range of motion findings concerning the plaintiff's cervical and lumbar spine, but failed to compare those findings to the normal ranges of motion (*see Iles v Jonat,* 35 AD3d 537 [2006]; *Mirochnik v Ostrovskiy,* 35 AD3d 413 [2006]; *Kavanagh v Singh,* 34 AD3d 744 [2006]; *Caracci v Miller,* 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang,* 33 AD3d 737 [2006]; *Mondi v Keahon,* 32 AD3d 506 [2006]; *Benitez v Mileski,* 31 AD3d 473 [2006]; *Abraham v Bello,* 29 AD3d 497 [2006]; *Yashayev v Rodriguez,* 28 AD3d 651 [2006]). The affirmed medical report of the defendant's examining orthopedic surgeon similarly failed to compare the observed range of motion findings with normal ranges of motion.

Furthermore, the neurologist's report also identified a limitation in the plaintiff's lumbar spine range of motion, based upon testing of bilateral supine straight leg raising, which was not adequately quantified, since the neurologist failed to compare any of his range of motion findings to normal. Absent adequate quantification of this limitation it may not be concluded, as a matter of law, that this limitation was insignificant within the meaning of the Insurance Law (*see McCrary v Street,* 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.,* 33 AD3d 613

[2006]; *Connors v Flaherty,* 32 AD3d 891 [2006]; *Kaminsky v Waldner,* 19 AD3d 370 [2005]). Contrary to the defendant's arguments on appeal, neither the orthopedic surgeon nor the neurologist specifically concluded that any limitations on range of motion were due to preexisting degenerative conditions in the plaintiff's spine.

Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the papers submitted by the plaintiff were sufficient to raise a triable issue of fact (*see Yashayev v Rodriguez, supra; McCrary v Street, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.