■ Shin Sook Jin et al., Appellants, v Ki Y. Kwon et al., Respondents. [839 NYS2d 796]—

In an action to recover damages for personal injuries, etc., the plaintiffs Shin Sook Jin, Eun Jung Han, and Son Hee Han appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered May 25, 2006, as granted that branch of the motion of the defendants Vanessa Ramsawak and Little Richie Bus Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendant Ki Y. Kwon which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Eun Jung Han on the ground that the plaintiff Eun Jung Han did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiffs Shin Sook Jin and Son Hee Han from so much of the order as granted that branch of the separate motion of the defendant Ki Y. Kwon which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Eun Jung Han is dismissed, as the plaintiffs Shin Sook Jin and Son Hee Han are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Vanessa Ramsawak and Little Richie Bus Service, Inc., which was for

summary judgment dismissing the complaint insofar as asserted against them is denied, and that branch of the separate motion of the defendant Ki Y. Kwon which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Eun Jung Han is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants payable by the respondents appearing separately and filing separate briefs.

The plaintiff Shin Sook Jin and her adult daughter, the plaintiff Eun Jung Han (hereinafter the injured plaintiffs), were passengers in a vehicle owned and operated by the defendant Ki Y. Kwon, when that vehicle was involved in a collision with a school bus owned by the defendant Little Richie Bus Service, Inc. (hereinafter Little Richie), and operated by the defendant Vanessa Ramsawak. Shin Sook Jin and her husband, Son Hee Han, together with Eun Jun Han, commenced the instant action against Ki Y. Kwon, Ramsawak, and Little Richie. Ramsawak and Little Richie together moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds, inter alia, that they were not at fault in causing the collision, and that the injured plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Ki Y. Kwon separately moved for summary judgment dismissing the complaint insofar as asserted against him, on the ground that the injured plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The Supreme Court granted the motion of Ramsawak and Little Richie for summary judgment dismissing the complaint insofar as asserted against them by all of the plaintiffs, finding that Ramsawak and Little Richie were not at fault in causing the collision, and that Eun Jung Han did not sustain a serious injury in any event. The court granted that branch of the separate motion of Ki Y. Kwon which was for summary judgment dismissing the complaint insofar as asserted against him by Eun Jung Han, premised on its determination that she did not sustain a serious injury. We reverse.

The evidence submitted by all of the defendants in support of those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Eun Jung Han on the ground that she did not sustain a serious injury, as defined by Insurance Law § 5102 (d), failed to establish their entitlement to judgment as a matter of law. While the affirmed report of the defendants' orthopedist stated that the plaintiff Eun Jung Han's range of forward flexion was 65 degrees, it failed to compare that measurement

to the normal range of forward flexion and, in fact, the report appeared to indicate that her range of forward flexion was less than normal (*see DeLuca v Miceli*, 37 AD3d 643 [2007]; *Kelly v Rehfeld*, 26 AD3d 469 [2006]).

The proof submitted by Ramsawak and Little Richie in support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, on the ground that they were not at fault in causing the accident, revealed the existence of a triable issue of fact as to whether or not Ramsawak was negligent in the operation of the school bus owned by Little Richie. Accordingly, those defendants failed to establish their entitlement to judgment as a matter of law in that regard, and that branch of their motion should have been denied (*see* CPLR 3212 [b]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Mora v Garcia*, 3 AD3d 478, 479 [2004]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur. [*See* 12 Misc 3d 1163(A), 2006 NY Slip Op 51013(U) (2006).]