■ PATRICIA COBURN, Respondent, v ROXENE SAMUEL, Appellant, et al., Defendants. [843 NYS2d 659]—

In an action, inter alia, to recover damages for personal injuries, the defendant Roxene Samuel appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), entered January 7, 2003, as denied her motion for summary judgment dismissing the plaintiff's cause of action to recover damages for personal injuries insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the Supreme Court's order, we do so on grounds other than those relied upon by the Supreme Court. The defendant Roxene Samuel (hereinafter the defendant) failed

to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendant did not address the plaintiff's claim that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. None of the defendant's experts related their findings to this category of serious injury for the period of time immediately following the accident (*see Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *Talabi v Diallo*, 32 AD3d 1014 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]).

Additionally, the defendant relied upon a medical report which failed to specify range of motion limitations in the plaintiff's cervical and lumbar spine, and two medical reports which failed to quantify those limitations (*see Dzaferovic v Polonia*, 36 AD3d 652 [2007]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]). Medical reports submitted by the defendant failed to set forth what objective testing was done to support a claim of full range of motion in the plaintiff's neck and lower torso (*see Cedillo v Rivera*, 39 AD3d 453 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]) and other reports failed to compare those findings to what is normal (*see McNulty v Buglino*, 40 AD3d 591 [2007]; *Harman v Busch*, 37 AD3d 537 [2007]). The report of the chiropractor who examined the plaintiff at the request of her no-fault carrier did not provide any support for the defendant's motion. That report was not in affidavit form and therefore did not constitute competent evidence (*see* CPLR 2106; *Kunz v Gleeson*, 9 AD3d 480 [2004]; *Santoro v Daniel*, 276 AD2d 478 [2000]).

Under these circumstances, it is not necessary to consider whether the plaintiff's papers submitted in opposition were sufficient to raise a triable issue of fact (*see Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.