■ GARY GACCIONE, Appellant, v PENNY S. KREBS et al., Respondents. [863 NYS2d 444]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated August 20, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the report of their examining neurologist, who examined the plaintiff on November 2, 2006. During testing of the plaintiff's lumbar spine, the plaintiff's leg elevation was to 60 degrees on the right side and to 30 degrees on the left side. Thus, a clear limitation was noted, the full extent of which is not known due to the examining neurologist's failure to compare these numeri-

cal findings to what is normal (*see Giammanco v Valerio*, 47 AD3d 674 [2008]; *Coburn v Samuel*, 44 AD3d 698 [2007]; *Iles v Jonat*, 35 AD3d 537 [2006]; *McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]). Moreover, while the affirmed medical reports of the defendants' radiologist attributed certain abnormalities in the plaintiff's cervical and lumbar spines to the degenerative process, they failed to address the cause of the disc bulge noted at L2-3 of the lumbar spine.

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the plaintiff's papers submitted in opposition were sufficient to raise a triable issue of fact (*see McCrary v Street*, 34 AD3d 768 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.