*465 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 18, 2008, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
Contrary to the Supreme Court’s determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (<see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon the affirmed medical report of their orthopedic surgeon, Dr. Philip G. Taylor. During range of motion testing, Dr. Taylor noted that when the plaintiff was performing straight leg testing in the supine position, he was only able to lift his left leg to 70 degrees, but had no problems on the right side. Dr. Taylor failed to compare this finding to what is normal. Absent such comparative quantification, the court cannot conclude that the decreased lumbar range of motion noted was mild, minor, or slight so as to be considered insignificant within the meaning of the no-fault statute (see Yashayev v Rodriguez, 28 AD3d 651 [2006]; see also Gaccione v Krebs, 53 AD3d 524 [2008]).
Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff were sufficient to raise a triable issue of fact (see Gaccione v Krebs, 53 AD3d 524 [2008]; Yashayev v Rodriguez, 28 AD3d 651 [2006]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Rivera, J.P, Florio, Angiolillo, McCarthy and Chambers, JJ., concur.