■ RICHARD POWELL et al., Appellants, v HENREY PREGO, Respondent. [872 NYS2d 207]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated April 23, 2007, as granted that branch of the defendant's mo-

tion which was for summary judgment dismissing the plaintiffs' claims for damages for personal injuries and loss of services on the ground that the plaintiff Richard Powell did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he was not liable for the accident.

Ordered that the appeal from so much of the order as denied, as academic, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he was not liable for the accident is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' claims for damages for personal injuries and loss of services on the ground that the plaintiff Richard Powell did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, the claims are reinstated, and the matter is remitted to the Supreme Court, Suffolk County for a determination of that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he was not liable for the accident; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

On the afternoon of November 24, 2003 a pickup truck being operated by the plaintiff Richard Powell (hereinafter the injured plaintiff) collided with a motor vehicle being operated by the defendant. After the injured plaintiff and his wife, suing derivatively, commenced the present action, the defendant moved for summary judgment dismissing the complaint, inter alia, on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Insofar as is relevant here, in addition to dismissing the plaintiffs' claims for economic damages exceeding the injured plaintiff's basic economic loss, the Supreme Court, in effect, dismissed the injured plaintiff's claims to recover damages for personal injuries, as well as the plaintiff Michelle Powell's derivative claim to recover damages for loss of services. The Supreme Court found that, in response to the defendant's showing that, as a matter of law, the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the plaintiffs offered insufficient proof to show the existence of a triable issue of fact. We reverse.

The defendant failed to establish, prima facie, that the injured

plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Cassandra v Dumond,* 31 AD3d 476 [2006]). The papers submitted by the defendant in support of the motion included the affirmed medical report of his examining orthopedist which showed the existence of limitations in the range of motion of the injured plaintiff's cervical spine (*see Cassandra v Dumond,* 31 AD3d at 477). The bare conclusory opinion of the defendant's orthopedist that the "[d]ecreased range of motion is due to degenerative changes that are preexisting" was without probative value (*see Moore v City of Yonkers,* 54 AD3d 397 [2008]; *Bennett v Genas,* 27 AD3d 601 [2006]). Since the defendant failed to establish his prima facie burden, it is unnecessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]). Florio, J.P., Covello, Balkin and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 31054(U).]