■ MARK A. MARSHAK et al., Appellants, v CHARLES V. MIGLIORE et al., Respondents. [874 NYS2d 240]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Spinola, J.), dated September 19, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Mark A. Marshak did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The Supreme Court erred in concluding that the defendants met their prima facie burden of showing that the plaintiff Mark A. Marshak (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of their examining orthopedic surgeon, Dr. Mauro M. Cataletto, dated November 29, 2006. In this report, while Dr. Cataletto set forth range-of-motion findings with respect to the injured plaintiff's lumbar spine as of November 29, 2006, he failed to compare those findings to what is normal (*see Perez v Fugon*, 52 AD3d 668, 669 [2008]; *Page v Belmonte*, 45 AD3d 825, 825-26 [2007]; *Fleury v Benitez*, 44 AD3d 996, 997 [2007]). Moreover, when he set forth the injured plaintiff's supine straight leg raising findings he noted that the injured plaintiff could raise his right leg to 80 degrees and his left leg to only 60 degrees. This noted a clear limitation, the full extent of which is unknown since he failed to compare any of his range of motion findings to what is normal (*see Gaccione v Krebs*, 53 AD3d 524, 525 [2008]; *Giammanco v Valerio*, 47 AD3d 674, 675 [2008]; *Coburn v Samuel*, 44 AD3d 698, 699 [2007]; *Iles v Jonat*, 35 AD3d 537, 538 [2006]; *McCrary v Street*, 34 AD3d 768, 769 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651, 652 [2006]). Absent such comparative quantification, the Court cannot conclude that the decreased lumbar range of motion noted was mild, minor, or slight so as to be considered insignificant within the meaning of the no-fault statute (*see Webb v Keyspan Corp.*, 56 AD3d 464 [2008]; *Yashayev v Rodriguez*, 28 AD3d at 652).

Since the defendants failed to satisfy their initial burden on their motion, it is not necessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Perez v Fugon*, 52 AD3d at 669; *Gaccione v Krebs*, 53 AD3d at 525; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.