■ ERIK MOORE, Appellant, v BART STASI et al., Respondents. [878 NYS2d 440]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered July 18, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the

subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The affirmed medical report of the defendants' examining neurologist noted a clear limitation in the range of motion of the plaintiff's lumbar spine during leg elevation testing, but did not sufficiently quantify the limitation to establish that it was insignificant (*see Marshak v Migliore,* 60 AD3d 647 [2009]; *Gaccione v Krebs,* 53 AD3d 524, 525 [2008]; *Giammanco v Valerio,* 47 AD3d 674, 675 [2008]; *Coburn v Samuel,* 44 AD3d 698, 699 [2007]; *Iles v Jonat,* 35 AD3d 537, 538 [2006]; *McCrary v Street,* 34 AD3d 768, 769 [2006]; *Whittaker v Webster Trucking Corp.,* 33 AD3d 613 [2006]; *Yashayev v Rodriguez,* 28 AD3d 651, 652 [2006]).

Since the defendants failed to satisfy their initial burden on their motion, it is not necessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Marshak v Migliore,* 60 AD3d at 647; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Mastro, J.P., Miller, Dickerson and Chambers, JJ., concur.