■ Harriet N. Landman, Appellant, v Lisa M. Sarcona, Respondent. [880 NYS2d 168]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated April 1, 2008, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of her motion, the defendant relied, inter alia, upon the affirmed medical reports of Dr. Mathew Chacko and Dr. Vartkes Khachadurian. Dr. Chacko, the defendant's examining neurologist, noted significant limitations in the plaintiff's cervical and lumbar

spine ranges of motion when he examined her on May 2, 2007, some 2¹/₂ years after the accident (see *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]; *Jenkins v Miled Hacking Corp.*, 43 AD3d 393 [2007]; *Bentivegna v Stein*, 42 AD3d 555 [2007]; *Zamaniyan v Vrabeck*, 41 AD3d 472 [2007]). Moreover, the medical report of Dr. Khachadurian, the defendant's examining orthopedic surgeon, noted a significant limitation in the plaintiff's cervical spine range of motion when he examined her on March 21, 2007. Dr. Khachadurian opined that such limitation was due to the plaintiff's age and evidence of degenerative disease in her cervical spine. However, such opinion was conclusory (see *Powell v Prego*, 59 AD3d 417 [2009]).

Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposition (see *Bagot v Singh*, 59 AD3d 368 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Dillon, Florio and Eng, JJ, concur.