■ JOSE LOOR, Respondent, v LOUIS LOZADO, Appellant. [886 NYS2d 609]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Flaherty, J.), dated April 23, 2009, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendant did not meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied on the affirmed medical report of Dr. Raz Winiarsky, his examining orthopedic surgeon. Dr. Winiarsky examined the plaintiff on September 24, 2008, and, on that date, Dr. Winiarsky noted significant range-of-motion limitations to the plaintiff's lumbar spine. Such a finding required the denial of the defendant's motion (*see Alvarez v Dematas*, 65 AD3d 598 [2009]; *Landman v Sarcona*, 63 AD3d 690 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]). Accordingly, since the defendant failed to meet his prima facie burden, it is unnecessary to consider the sufficiency of the evidence submitted by the plaintiff in opposition to the motion (*see Alvarez v Dematas*, 65 AD3d at 600; *Landman v Sarcona*, 63 AD3d 690 [2009]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.