■ LORRAINE WALLACE, Respondent, et al., Plaintiffs, v ADAM RENTAL TRANSPORTATION, INC., et al., Defendants, and HORTON TRANSPORTATION, INC., et al., Appellants. [890 NYS2d 644]—

The appellants failed to meet their prima facie burden of showing that the plaintiff Lorraine Wallace did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the appellants relied on, inter alia, the affirmed medical report of Dr. Wayne Kerness, their examining orthopedic surgeon. In that report, Kerness noted significant limitations in the range of motion of Wallace's left shoulder (*see Alvarez v Dematas*, 65 AD3d 598 [2009]; *Landman v Sarcona*, 63 AD3d 690 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]). While Kerness broadly opined that all of his findings regarding Wallace were normal because Wallace suffered from pre-existing degenerative changes of, inter alia, the left shoulder, he failed to set forth any foundation for that conclusion (*see Franchini v Palmieri*, 1 NY3d 536 [2003]).

Since the appellants failed to meet their prima facie burden, it is unnecessary to consider the sufficiency of the evidence submitted in opposition to the motion (*see Alvarez v Dematas*, 65 AD3d 598 [2009]; *Landman v Sarcona*, 63 AD3d 690 [2009]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.