SIMONA DIORIO, Appellant, v PANTIN M. BUTLER et al., Respondents. (And a Third-Party Action.) [892 NYS2d 529]—

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury to her right hand as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The affirmed medical report of the defendants' examining hand surgeon concluded that the subject accident aggravated a pre-existing arthritic condition in the plaintiff's right thumb, and noted limitations in her range of motion. However, the hand surgeon failed to compare the limitations he observed to what would be considered a normal range of motion, and his report thus was insufficient to establish that the decreased

range of motion in the plaintiff's right thumb was so mild, minor, or slight as to be considered insignificant within the meaning of the no-fault statute (*see Moore v Stasi*, 62 AD3d 764, 765 [2009]; *Marshak v Migliore*, 60 AD3d 647, 648 [2009]; *Webb v Keyspan Corp.*, 56 AD3d 464, 465 [2008]; *Gaccione v Krebs*, 53 AD3d 524, 525 [2008]; *Giammanco v Valerio*, 47 AD3d 674, 675 [2008]).

Since the defendants failed to satisfy their initial burden on their motion, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Moore v Stasi*, 62 AD3d at 765; *Marshak v Migliore*, 60 AD3d at 648; *Webb v Keyspan Corp.*, 56 AD3d at 464).

In light of our determination, we remit the matter to the Supreme Court, Nassau County, to determine that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.