■ VICTOR BORRAS, Respondent, v RODERICK LEWIS et al., Appellants. [913 NYS2d 577]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered March 11, 2010, as denied their cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that he was injured as a result of a motor vehicle accident that occurred on May 9, 2008, in which the bus he was driving was struck by a car driven by the defendant Roderick Lewis, who crossed a double yellow line into oncoming traffic. The defendants cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court, inter alia, denied the defendants' cross motion.

Contrary to the defendants' contention, they failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of their cross motion, the defendants relied upon the affirmed medical report of Menachem Y. Epstein, their examining orthopedist, who noted significant limitations in the plaintiff's left shoulder when Dr. Epstein examined him on August 4, 2009, more than one year after the accident (see Landman v Sarcona, 63 AD3d 690 [2009]; Bagot v Singh, 59 AD3d 368 [2009]; Hurtte v Budget Roadside Care, 54 AD3d 362 [2008]; Bentivegna v Stein, 42 AD3d 555 [2007]; Cassandra v Dumond, 31 AD3d 476, 477 [2006]). Although Dr. Epstein opined that such limitations resulted from a "failed" shoulder surgery on May 1, 2009, that was not medically necessary, this opinion was conclusory, and thus, without probative value (see Landman v Sarcona, 63 AD3d 690 [2009]; Powell v Prego, 59 AD3d 417 [2009]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Tchjevskaia v Chase, 15 AD3d 389 [2005]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]).

Accordingly, the Supreme Court correctly denied the defendants' cross motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.