◾ BOBBIE O. SPARKS, Appellant, v JON S. DETTERLINE et al., Respondents. [926 NYS2d 914]—

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]). The conclusion set forth in the affirmed report of the defendant's examining physician, Dr. Jeffrey S. Oppenheim, that the plaintiffs' complaints were subjective in nature and that she had "no objective identifiable neurological deficit, and therefore, no objective neurological disability," was conclusory, speculative, and insufficient to establish the defendants' prima facie entitlement to judgment as a matter of law, as Dr. Oppenheim conducted no objective range-of-motion testing (*see Borras v Lewis*, 79 AD3d 1084 [2010]; *Powell v Prego*, 59 AD3d 417, 418-419 [2009]; *cf. Conder v City of New York*, 62 AD3d 743. Further, Dr. Oppenheim's assertion that the plaintiff, during his examination of her, was "essentially unable" to move her neck in any direction "in any significant way that would allow for a definition of range of motion testing" suggests that any limitation was not insignificant (*cf. Kharzis v PV Holding Corp.*, 78 AD3d 1122 [2010]; *Kjono v Fenning*, 69 AD3d 581 [2010]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.